UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| MYRNA M. VELEZ-GONZALEZ, CARMEN SONIA HEREIDA-GONZALEZ, CATHERINE COLON-MONROIG, and YOLANDA ANA SANTIAGO, <br><br> Plaintiffs, <br><br> v. <br><br> YESEF CORDERO, RAFAEL BALAGUER, ELSIE ROSARIO, MARIA MONTERO, ALBERTO VÉLEZ, LIZARDO MATTEI-ROMAN, in their personal and official capacities, and their conjugal partnerships, UNNAMED PERSONS, and UNNAMED INSURANCE COMPANIES, <br><br> Defendants. | Civil No. 10-1159 (JAF) |

**OPINION AND ORDER**

Plaintiffs allege their employment was terminated due to political discrimination, and sue under 42 U.S.C. §§ 1983 and 1985 for violations of their rights under the First, Fifth, and Fourteenth Amendments of the U.S. Constitution and under Puerto Rico's general tort law, 31 L.P.R.A. § 5141 ("Article 1802"), § 5142 ("Article 1803"). (Docket No. 1 at 2.) They also allege violations of the Commonwealth employment discrimination law, 29 L.P.R.A. § 146 ("Law 100"). (Id.) Plaintiffs seek, inter alia, declaratory and injunctive relief, reinstatement of their positions, economic and punitive damages, and attorney's fees. (Id.) Individual named defendants ("Movants"), who Plaintiffs sue in their personal and official capacities, move for

Civil No. 10-1159 (JAF) -2-

partial dismissal under Federal Rule of Civil Procedure 12(b)(6).  (Docket No. 20.)  Plaintiffs oppose. (Docket No. 21.)  Defendants reply.  (Docket No. 26.)

## I.

## Factual and Procedural Summary

We draw the following factual summary from Plaintiffs' complaint (Docket No. 1). Movants are all current or former directors or employees of the Puerto Rico Public Housing Authority ("PRPHA"), alleged to be supporters of the New Progressive Party ("NPP"), the party of Luis Fortuño, the incumbent governor of Puerto Rico.  (Id. at 8.)  Plaintiffs are former employees of the PRPHA, who are associated with the Popular Democratic Party ("PDP"). Plaintiffs allege that after Governor Fortuño took office, he changed the leadership of various government agencies by appointing various NPP supporters, such as Movant Yesef Cordero ("Cordero"), who was appointed as Secretary of the PRPHA.  (Id.)  Plaintiffs allege that Cordero and various individual Movants, "harassed, demoted, constructively discharged, terminated or fired [Plaintiffs, and] refused reinstatement and refused rehiring due to their political affiliation." (Id. at 9.)  Plaintiffs allege that various Movants conspired together to "realize said illegal and discriminatory actions and to demote and arbitrarily transfer and harass [various plaintiffs]." (Id. at 15, 18, 20, 30, 47.)

## II.

## Dismissal Under Rule 12(b)(6)

A defendant may move to dismiss an action against him, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing this motion, we "accept[] all well-pleaded facts as true, and we draw

Civil No. 10-1159 (JAF)                                                                                                -3-

all reasonable inferences in favor of the [plaintiff]." <u>Wash. Legal Found. v. Mass. Bar Found.</u>, 993 F.2d 962, 971 (1st Cir. 1993).

The complaint must demonstrate "a plausible entitlement to relief" by alleging facts that directly or inferentially support each material element of some legal claim. <u>Gagliardi v. Sullivan</u>, 513 F.3d 301, 305 (1st Cir. 2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 559 (2007)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting <u>Twombly</u>, 550 U.S. at 559). An "unadorned, the-defendant-unlawfully-harmed-me accusation" does not demonstrate a plausible entitlement to relief. See <u>Sanchez v. Pereira-Castillo</u>, 590 F.3d 31, 37 (1st Cir. 2009) (quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)).

### III.

### Analysis

Movants base their motion to dismiss on the grounds that Plaintiffs fail to state a claim under which relief can be granted regarding: (1) their Fifth Amendment Due Process claim; (2) their § 1985 conspiracy claim; (3) all claims for monetary relief against Movants in their official capacity because of the sovereign immunity provided by the Eleventh Amendment; and (4) claims under Article 1802. (Docket No. 12 at 2-23.) We discuss each ground in turn below.

**A.     Fifth Amendment Due Process Claim**

Movants argue that Plaintiffs fail to state a claim under the Due Process Clause of the Fifth Amendment. (Docket No. 20 at 7.) The Supreme Court and the First Circuit have previously stated that "one or another or both of the Constitution's two due process clauses (that

Civil No. 10-1159 (JAF)                                                                                          -4-

in the Fifth Amendment and that in the Fourteenth) apply to Puerto Rico even though the latter is not a state." Tenoco Oil Co. v. Dep't of Consumer Affairs, 876 F.2d 1013, 1017 (1st Cir. 1989) (citing Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 668–69 n.5 (1974)). More recently, however, the First Circuit has treated the Puerto Rico government as that of a state government for purposes of the Due Process Clause, finding that the Fifth Amendment only applies to "actions of the federal government—not to those of state or local governments," such as the government of Puerto Rico. Martinez-Rivera v. Ramos, 498 F.3d 3, 8 (1st Cir. 2007) (internal citations and quotation marks removed) (finding that Puerto Rico government was not a federal actor for Fifth Amendment purposes); see also Pastrana-Lopez v. Ocasio-Morales, No. 09-1979, 2010 U.S. Dist. LEXIS 112386, at *20 (D.P.R. Oct. 20, 2010) (following Martinez-Rivera and granting summary judgment on Fifth Amendment claims against Puerto Rico government entity); Marrero-Gutierrez v. Molina, 447 F. Supp. 2d 168, 176 (D.P.R. 2006) (rejecting Fifth Amendment due process claim because "PRHD is an entity of the Commonwealth of Puerto Rico and the plaintiffs do not allege any claims against the federal government."). We find that Plaintiffs have not stated a cause of action under the Fifth Amendment, as none of Plaintiffs' allegations involve any federal government entities or actors. We note that Plaintiffs may still make a claim under the Due Process Clause of the Fourteenth Amendment.

Civil No. 10-1159 (JAF)                                                                                           -5-

**B.    42 U.S.C. § 1985**

Movants argue for dismissal of Plaintiffs' § 1985 claim[1] because First Circuit precedent disallows conspiracy claims for political discrimination under § 1985(3). The First Circuit has explicity "decline[d] to extend § 1985(3)'s protection to political affiliation." Perez-Sanchez v. Pub. Bldg. Auth., 531 F.3d 104, 109 (1st Cir. 2008). Plaintiffs' conspiracy claim for political discrimination under § 1983(3) fails.

**C.    Sovereign Immunity**

Movants argue that Plaintiffs cannot obtain monetary damages from Movants in their official capacity. Under the Eleventh Amendment, "an unconsenting State is immune from federal-court suits brought by its own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974). A public institution also may benefit from sovereign immunity if it "is to be treated as an arm [or alter ego] of the State." Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co., 818 F.2d 1034, 1036 (1st Cir. 1987) (quoting Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)). "Puerto Rico, despite the lack of formal statehood, enjoys the shelter of the Eleventh Amendment in all respects." Ramirez v. P.R. Fire Serv., 715 F.2d 694, 697 (1st Cir. 1983).

---

[1] While Plaintiffs do not mention the specific subsection of § 1985 grounding their claim, the wording and facts alleged in the complaint faithfully track 42 U.S.C. § 1985(3), which prohibits two or more persons from "conspir[ing] . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." Plaintiffs allege that various individual Movants conspired together, "motivated by politically based discriminatory animus to deprive [various plaintiffs] directly or indirectly of equal protection of the laws . . . ." (Docket No. 1 at 52.) We treat this claim as arising under § 1985(3). Thus, we need not reach Movants' argument that § 1985(1) only pertains to federal actors, but we note that other district courts in the First Circuit have agreed with this argument. Brookline v. Operation Rescue, 762 F. Supp. 1521, 1523 (D. Mass. 1991); Rossy v. P.R. Police Dep't, No. 08-2167, 2009 U.S. Dist. LEXIS 35553, at *13 (D.P.R. Apr. 24, 2009).

Civil No. 10-1159 (JAF)                                                                                             -6-

Because the Commonwealth has not consented to litigation in this case and because PRPHA is considered an arm of the state, see, e.g., Redondo-Borges v. Dep't of Hous. & Urban Dev., 421 F.3d 1, 7 (1st Cir. 2005) (referring to PRPHA as "an agency of the Puerto Rican government" for Eleventh Amendment purposes). Plaintiffs cannot obtain monetary damages from Movants in their official capacities. However, the Eleventh Amendment does not prevent Plaintiffs from seeking "prospective injunctive relief against official-capacity defendants."[2] Id., 421 F.3d at 7. Furthermore, Plaintiffs may obtain both injunctive and monetary relief against Movants in their personal capacity. Id.

### D.   Commonwealth Articles 1802 and 1803

We are persuaded by Movants' argument that Plaintiffs cannot bring suit under Article 1802, Puerto Rico's general tort statute, since their claims arise under Commonwealth employment law. Courts in this district have repeatedly held that,

> To the extent that a specific labor law covers the conduct for which a plaintiff seeks damages, [s]he is barred from using that same conduct to also bring a claim under Article 1802. An additional claim under Article 1802 may only be brought by the employee-plaintiff if it is based on tortious or negligent conduct distinct from that covered by the specific labor law(s) invoked.

Medina v. Adecco, 561 F.Supp.2d 162, 175–76 (D.P.R. 2008) (quoting Rosario v. Valdes, No. 07-1508CCC, 2008 U.S. Dist. LEXIS 13113, at *3–6 (D.P.R. Feb. 21, 2008)). Plaintiffs have brought claims under both Law 100 and Article 1802, but the actions and facts alleged by

---

[2] We also note that Plaintiffs cannot obtain monetary relief against official-capacity defendants through Commonwealth claims under Law 100 or Article 1802. See Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 33–34 (1st Cir. 2006) (holding that Commonwealth has not consented to suit in actions for damages under Articles 1802 or 1803 brought in federal courts); Mulero Abreu v. Oquendo-Rivera, 729 F. Supp. 2d 498, 524–525 (D.P.R. 2010) (dismissing all Law 100 claims against defendant employees of government agency in their official capacities).

Civil No. 10-1159 (JAF)                                                                                                      -7-

Plaintiffs in support of their Law 100 claims are the same actions and facts referred to in support of their general Article 1802 tort claims.[3] Plaintiffs have failed to "allege any independent basis to support such claims." Rivera-Melendez v. Pfizer Pharm., Inc., 747 F. Supp. 2d 336, 339 (D.P.R. 2010). Thus, any claims under Article 1802 must be dismissed.

## IV.

## Conclusion

Given the foregoing, we hereby **GRANT** Movants' motion (Docket No. 20). Plaintiffs' claims under the Fifth Amendment, § 1985, and Article 1802 are **DISMISSED.** All monetary or damages claims against Movants in their official capacities are **DISMISSED**. The court will retain supplemental jurisdiction over all remaining Commonwealth causes of action in addition to the § 1983 and Due Process federal claims against Defendants.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 18th day of May, 2011.

                                                s/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                United States District Judge

---

[3] In fact, the only mention of negligence throughout the complaint is found in formulaic recitations that Cordero was "negligent and/or acted with total disregard for [various plaintiffs'] civil, constitutional and contractual rights." (Docket No. 1 at 19, 29, 39, 48.) At various points, the Complaint alleges that since each of the individual Movants "engaged in the deliberate, discriminatory and unlawful violation of [a plaintiffs'] rights under the United States Constitution, defendants' conduct constitutes reckless disregard for plaintiffs [sic] constitutional rights for which [plaintiff] is entitled to punitive damages." (Id. at 21, 31, 40, 50.) However, no new basis is alleged for the 1802 claim; each allegation of negligence or recklessness is made in connection with the alleged actions of employment discrimination.